UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JAMES F., | |
| Petitioner, | Case No. 1:19-CV-00486-CWD |
| v. | **MEMORANDUM DECISION AND ORDER** |
| ANDREW SAUL, Commissioner of Social Security Administration, | |
| Respondent. | |

## INTRODUCTION

Before the Court is James F.'s Petition for Review of the final decision of the Commissioner of Social Security denying his application for a period of disability and disability insurance benefits, filed on December 10, 2019. (Dkt. 1.) The Court has reviewed the Petition, the Answer, the parties' memoranda, and the administrative record (AR), and for the reasons that follow, will remand the decision of the Commissioner for further proceedings.

## PROCEDURAL AND FACTUAL HISTORY

Petitioner protectively filed an application for a period of disability and disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-433, on

July 28, 2017. Petitioner meets the insured status requirements through December 31, 2022. The application was denied initially and on reconsideration.

Administrative Law Judge (ALJ) David Willis held an initial hearing on October 23, 2018, and a supplemental hearing on April 16, 2019. After considering testimony from Petitioner and a vocational expert, the ALJ issued a decision on June 5, 2019, finding Petitioner not disabled. (AR 13-27.)

Petitioner's request for review by the Appeals Council was denied on October 21, 2019, making the ALJ's decision final. *See* 42 U.S.C. § 405(h). Petitioner timely filed this action seeking judicial review of the ALJ's decision. The Court has jurisdiction under 42 U.S.C. § 405(g).

Petitioner alleges disability beginning July 1, 2017. At the time of the alleged disability onset date, Petitioner was 50 years of age. Petitioner is a military veteran with a master's degree in clinical counseling and prior work experience as a clinical counselor and case worker (AR 25, 79.) Petitioner has undergone two cervical surgeries: 1) an anterior discectomy and fusion at C6-C7 on February 22, 2017; and 2) repair of a hardware failure from the first surgery on July 19, 2017. (AR 858, 838.) Petitioner also underwent a left ulnar nerve release on April 12, 2017, and a right ulnar nerve decompression on April 26, 2017. (AR 848, 853.)

Petitioner claimed being unable to work due to certain mental impairments as well as a number of physical impairments, including: degenerative disc disease of the

cervical and lumbar spine; migraine headaches; sleep apnea; bilateral ulnar nerve entrapment; hemorrhoids; tinnitus; and radiculopathy of the upper extremity.[1]

## STANDARD OF REVIEW

The Court must uphold an ALJ's decision, unless: 1) the decision is based on legal error, or 2) the decision is not supported by substantial evidence. *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). It is more than a scintilla, but less than a preponderance of evidence. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).

In making its determination, the Court considers the administrative record as a whole, weighing both the evidence that supports, and the evidence that does not support, the ALJ's conclusion. *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014). The Court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The Court considers only the reasoning and actual findings identified by the ALJ and may not affirm for a different reason or based on post hoc rationalizations attempting to infer what the ALJ may have concluded. *Garrison*, 759 F.3d at 1010; *Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1225-26

---

[1] Petitioner does not contest the ALJ's decision with regard to Petitioner's mental impairments. Therefore, the Court will not discuss the record or the ALJ's decision with regard to any mental impairments.

(9th Cir. 2009).

If the ALJ's decision is based on a rational interpretation of conflicting evidence, the Court will uphold the ALJ's finding. *Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008). The Court "may not substitute [its] judgment for that of the Commissioner." *Verduzco v. Apfel*, 188 F.3d 1087, 1089 (9th Cir. 1999). The Court will not reverse the ALJ's decision if it is based on harmless error, which exists where the error is "inconsequential to the ultimate nondisability determination, or if despite the legal error, the agency's path may reasonably be discerned." *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) (internal marks and citations omitted); *see also Molina v. Astrue*, 674 F.3d 1104, 1117–1122 (9th Cir. 2012).

## ISSUES PRESENTED[2]

Petitioner raises the following issues as grounds for reversal and remand:

1.   Whether the ALJ erred by failing to evaluate whether Petitioner's migraines met or equaled a listing at step three.

2.   Whether the ALJ erred in evaluating the medical opinions and disregarding the opinions of the Department of Veterans Affairs.

3.   Whether the ALJ erred in evaluating Petitioner's statements.

4.   Whether the ALJ erred in assessing Petitioner's Residual Functional Capacity.

## DISCUSSION

## 1.   The ALJ Erred by Failing to Evaluate Petitioner's Migraines at Step Three.

---

[2] The Court does not address issues two, three, or four due to finding legal error on issue one, as explained more fully below.

A.    **Legal Standard**

The ALJ follows a five-step sequential process in determining whether a person is disabled or continues to be disabled within the meaning of the Social Security Act (SSA). *See* 20 C.F.R. §§ 404.1520, 416.920(a)(4)(i)-(v); 20 C.F.R. §§ 404.1594, 416.994. As relevant here, where a claimant is found to have at least one severe impairment at step two of the sequential process, *see* 20 C.F.R. § 416.920(a)(4)(ii), step three requires the ALJ to evaluate whether a claimant's impairments meet or medically equal any of the impairments listed in 20 C.F.R., Pt. 404, Subpt. P, App'x 1 (§§ 416.920(a)(4)(iii), 416.920(d); Listing of Impairments, 20 C.F.R. § 416.925); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If a claimant is found to have "an impairment or combination of impairments that meets or equals a condition outlined in the 'Listing of Impairments,' then the claimant is presumed disabled at step three [of the sequential process], and the ALJ need not make any specific finding as to his or her ability to perform past relevant work or any other jobs." *Lewis*, 236 F.3d at 512 (citing 20 C.F.R. § 404.1520(d)).

"To *meet* a listed impairment, a claimant must establish that he or she meets each characteristic of a listed impairment relevant to his or her claim." *Tackett*, 180 F.3d at 1099 (emphasis in original). "To *equal* a listed impairment, a claimant must establish symptoms, signs, and laboratory findings 'at least equal in severity and duration' to the characteristics of a relevant listed impairment, or, if a claimant's impairment is not listed, then to the listed impairment most like the claimant's impairment." *Id.* (emphasis in original) (quoting 20 C.F.R. § 404.1526(a)).

The claimant bears the burden of producing medical evidence that establishes all of the requisite medical findings that his or her impairments meet or equal a particular listing. *Bowen v. Yuckert*, 482 U.S 137, 146, n. 5 (1987). If the claimant is alleging equivalency to a listing, the claimant must proffer a theory, plausible or otherwise, as to how his or her combined impairments equal a listing. *See Lewis*, 236 F.3d at 514. Although it is the claimant's burden at step three, "[a]n ALJ must evaluate the relevant evidence before concluding that a claimant's impairments do not meet or equal a listed impairment. A boilerplate finding is insufficient to support a conclusion that a claimant's impairment does not do so." *Id*. at 512. However, the ALJ is not required to state why a claimant fails to satisfy every criteria of the listing if the ALJ adequately summarizes and evaluates the evidence. *Id.*; *see also Gonzalez v. Sullivan*, 914 F.2d 1197, 1200-01 (9th Cir. 1990).

### B.    Analysis

Here, the ALJ found Petitioner's degenerative disc disease of the cervical and lumbar spine, migraine headaches, sleep apnea, bilateral ulnar nerve entrapment, and obesity were severe impairments at step two. (AR 15.) At step three, the ALJ concluded Petitioner had no "impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments…." (AR 16.) However, the ALJ made no mention of Petitioner's migraines in his step three discussion. (AR 16-17.) Indeed, the ALJ's decision is devoid of any examination or explanation of whether Petitioner's migraines met or equaled any listing.

Petitioner argues the ALJ erred by failing to assess whether his migraines equaled

Listing 11.02 after having concluded that his migraines were a severe impairment. (Dkt. 15 at 6.) Respondent contends that the ALJ reasonably determined Petitioner's allegations of severe migraine headaches were unreliable and, further, that Petitioner failed to meet his burden to offer a plausible theory that his migraines met or medically equaled Listing 11.02. (Dkt. 16 at 18-19.) For the reasons that follow, the Court finds the ALJ committed legal error by failing to engage in any analysis of Petitioner's migraines at step three.

Migraines are not a specifically listed impairment. If an impairment is not described in the Listing of Impairments, the regulations required that the ALJ "compare [a claimant's] findings with those for closely analogous listed impairments." 20 C.F.R. § 416.926(b)(2) (effective March 27, 2017). The SSA's Program Operations Manual System ("POMS") similarly directs that, in determining medical equivalence for unlisted impairments, the ALJ should: (1) discuss the claimant's impairments, medical findings, and nonmedical findings; (2) identify the most closely analogous listing; (3) compare the findings of the claimant's impairment to the findings of the most closely analogous listing; (4) explain why the findings are at least of equal medical significance to the findings of the most closely analogous listing; and (5) cite the most closely analogous listing used to determine medical equivalence. *See* POMS DI 24505.015(B)(6)(c) (effective March 29, 2017); POMS DI 24508.10(E)(2)(b) (effective Feb. 13, 2018).[3]

_____

[3] The prior version of the POMS included an example for a medical equivalence determination involving migraine headaches - likening migraines to impairments found in listing 11.02 for

The most analogous listing for determining medical equivalence for migraines is Listing 11.02. *Woolf v. Saul*, No. 1:18-CV-00280-CWD, 2019 WL 4580037, at *5 (D. Idaho Sept. 20, 2019) (citing *Rader v. Comm'r of Soc. Sec.*, No. 2:17-CV-00131-CWD, 2018 WL 4087988, at *3 (D. Idaho Aug. 27, 2018)). Listing 11.02 provides, in relevant part:

> Epilepsy, documented by a detailed description of a typical seizure and characterized by A, B, C, or D:
>
> > A.    Generalized tonic-clonic seizures (see 11.00H1a), occurring at least once a month for at least 3 consecutive months (see 11.00H4) despite adherence to prescribed treatment (see 11.00C); or
> >
> > B.    Dyscognitive seizures (see 11.00H1b), occurring at least once a week for at least 3 consecutive months (see 11.00H4) despite adherence to prescribed treatment (see 11.00C); or
> >
> > C.    Generalized tonic-clonic seizures (see 11.00H1a), occurring at least once every 2 months for at least 4 consecutive months (see 11.00H4) despite adherence to prescribed treatment (see 11.00C); and a marked limitation in one of the following:
> > > 1.    Physical functioning (see 11.00G3a); or
> > > 2.    Understanding, remembering, or applying information (see 11.00G3b(i)); or
> > > 3.    Interacting with others (see 11.00G3b(ii)); or
> > > 4.    Concentrating, persisting, or maintaining pace (see 11.00G3b(iii)); or

---

epilepsy. POMS DI 24505.015. The POMS have since been revised and no longer include the migraine headache example. POMS DI 24508.10 (effective Feb. 13, 2018); *Woolf*, 2019 WL 4580037, at *5. Regardless, the instructions directing the ALJ's consideration of whether impairments not described in the listings are medically equivalent to a listing are the same in both versions. *Compare* POMS DI 24505.015(B)(6)(c), with POMS DI 24508.10(E)(2)(b). Removal of the example involving migraine headaches did not alter the analysis the ALJ was required to undertake at step three, but failed to do so here.

5.     Adapting or managing oneself (see 11.00G3b(iv)); or

D.     Dyscognitive seizures (see 11.00H1b), occurring at least once every 2 weeks for at least 3 consecutive months (see 11.00H4) despite adherence to prescribed treatment (see 11.00C); and a marked limitation in one of the following:
1.     Physical functioning (see 11.00G3a); or
2.     Understanding, remembering, or applying information (see 11.00G3b(i)); or
3.     Interacting with others (see 11.00G3b(ii)); or
4.     Concentrating, persisting, or maintaining pace (see 11.00G3b(iii)); or
5.     Adapting or managing oneself (see 11.00G3b(iv)).

20 C.F.R. § Pt. 404, Subpt. P. App.1 part A2 (effective March 27, 2017).

Here, the ALJ's step three evaluation makes no mention of migraine headaches and provides no analysis of Listing 11.02, despite having found that Petitioner's migraine headaches constituted a severe impairment. Instead, the ALJ's step three discussion is limited to listings related to Petitioner's degenerative disc disease and bilateral ulnar nerve entrapment, and consideration of the cumulative effects of Petitioner's obesity. (AR 15-17.) By failing to provide any discussion of whether Petitioner's migraine headaches met or equaled a listing after finding migraines were a severe impairment, the ALJ committed legal error. *See e.g., Woolf*, 2019 WL 4580037, at *5; *Rader*, 2018 WL 4087988 at *4; *Williams v. Berryhill*, No. 2:16-cv-1026, 2018 WL 2234902 at *3 (D. Utah May 16, 2018).

Petitioner's migraines were known to the ALJ and were determined to be a severe impairment based on the record and facts of the case. (AR 15.) That, coupled with the SSA's above-referenced direction for analyzing unlisted impairments, establishes that the ALJ was required to engage in some evaluation of Petitioner's migraines in making the

step three determination. The absence of any discussion in the ALJ's decision regarding whether migraines met or equaled a listing is error. *Id.*

Respondent's arguments to the contrary generally constitute improper post hoc rationalizations. *See Bray*, 554 F.3d at 1225-26 ("Long-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ – not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking.").

Because the ALJ provided no basis for the step three listings determination as it relates to Petitioner's migraines, Respondent can only intuit the ALJ's rational with regard to migraines at step three. The Court, however, is constrained to review only the reasons stated by the ALJ for the decision, not those proffered by the Respondent. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 207) ("We review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely."); *Connett*, 340 F.3d at 874 ("[W]e cannot rely on independent findings of the district court. We are constrained to review the reasons the ALJ asserts."). The Court cannot "affirm the decision of an agency on a ground the agency did not invoke in making its decision." *Stout v. Comm'r of Soc. Sec. Admin*, 454 F.3d 1050, 1054 (9th Cir. 2006) (internal quotation marks and citation omitted); *Bray supra*. As such, Respondent's post hoc arguments postulating at the ALJ's reasoning are generally insufficient. For purposes of completeness, however, the Court turns to briefly address Respondent's arguments more specifically.

First, Respondent argues the ALJ considered Petitioner's allegations of severe

migraine headaches but reasonably determined that such allegations were unreliable. (Dkt. 16 at 19.) The ALJ's evaluation of Petitioner's symptom statements does not satisfy the step three requirement that the ALJ conduct some assessment of whether the relevant evidence of migraines met or equaled a listed impairment. *Lewis*, 236 F.3d at 512 ("[a]n ALJ must evaluate the relevant evidence before concluding that a claimant's impairments do not meet or equal a listed impairment. A boilerplate finding is insufficient to support a conclusion that a claimant's impairment does not do so.").

The ALJ's decision contained no discussion or evaluation of the evidence relevant to the step three listings equivalency assessment as it relates to migraines. Indeed, despite finding Petitioner's migraines a severe impairment, the ALJ made no further mention of migraines, let alone set forth findings or any conclusion concerning whether migraines met or equaled a listed impairment at step three. Likewise, the ALJ's discussion of Petitioner's symptom statements as they relate to migraines is devoid of any examination of whether that evidence met or equaled a listed impairment. (AR 19-20.)

Next, Respondent relies on *Gonzalez v. Sullivan*, 914 F.2d 1197, 1200-01 (9th Cir. 1990) in arguing the ALJ is not required to state why a claimant fails to satisfy every different section of the listing of impairments. (Dkt. 16 at 19.) This argument fails. *Schulz v. Berryhill*, Case No. C18-96 BAT, 2018 WL 3408186, at *1 (W.D. Wash. July 13, 2018) (citing *Santiago v. Barnhart*, 278 F.Supp.2d 1049, 1058 (N.D. Cal. 2003) (rejecting Commissioner's reliance on *Gonzalez* where ALJ failed to discuss an impairment)).

The portion of *Gonzalez* relied upon by Respondent concerns the sufficiency of the ALJ's findings. (Dkt. 16 at 19.) Namely, whether the ALJ made sufficient findings upon which a reviewing court would know the basis for the decision. *Gonzalez*, 914 F.2d at 1201. The *Gonzalez* court found the ALJ's summary of the medical record and findings regarding the claimant's complaints were sufficient to provide an "adequate statement of the 'foundations on which the ultimate factual conclusions are based.'" *Id*. Thus, the ALJ in *Gonzalez* did not need to make findings regarding other listings.

However, *Gonzalez* does not stand for the proposition argued here by Respondent that, at step three an ALJ may disregard a severe impairment, provide no findings, and offer no discussion regarding the impairment. *Schulz*, 2018 WL 3408186, at *1. While an ALJ need not discuss every listing, at the very least, the ALJ is required to make sufficient findings as to the listings relevant to those impairments found to be severe. *See Lewis*, 236 F.3d at 512 (The ALJ need not discuss every listing.); *Williams*, 2018 WL 2234902, at *3 (quoting *Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004) (It may be harmless error if the ALJ neglected to discuss relevant evidence at step three provided the Court can confidently say "that no reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter in any other way.")). The ALJ erred by not doing so here.

Finally, Respondent argues that the general burden of proof is on the claimant at step three. (Dkt. 16 at 19.) While true that the claimant bears the burden at step three, the ALJ still must "evaluate the relevant evidence before concluding that a claimant's impairments do not meet or equal a listed impairment. A boilerplate finding is

insufficient to support a conclusion that a claimant's impairment does not do so." *Lewis*, 236 F.3d at 512. Here, Petitioner maintains that his migraines equal Listing 11.02, pointing to evidence in the medical record. (Dkt. 15 at 6-8 and Dkt. 17 at 8-9) (discussing VA records stating Petitioner reported 2-3 headaches per week; Petitioner's statements describing his headaches as pulsating or throbbing, required that he lie in a dark room, and sometimes necessitated cancelling appointments; and medical records showing Petitioner was prescribed medications to treat migraines.)

Without disputing Petitioner's position that the ALJ did not engage in any analysis surrounding migraines or Listing 11.02, Respondent contends the evidence Petitioner relies upon primarily predates the alleged disability onset date and, regardless, the evidence is not indicative of the migraines matching listing level severity. (Dkt. 16 at 19.) Respondent may be correct in its assessment of the evidence. However, the ALJ did not articulate the contentions asserted by Respondent as the basis for the step three listings finding. Instead, the ALJ made no findings at step three or elsewhere in his decision with regard to whether Petitioner's migraines met or equaled any listing despite having found migraines were a severe impairment. The ALJ erred in this regard. *See e.g., Jones v. Comm'r Soc. Sec. Admin.*, No. 1:19-CV-001090-REB, 2020 WL 7029143 (D. Idaho Nov. 30, 2020); *Woolf*, 2019 WL 4580037.

Based on the foregoing, the Court concludes that the ALJ erred by failing to discuss Petitioner's migraine headaches at step three of the sequential disability evaluation process. *Brown-Hunter*, 806 F.3d at 492 (An ALJ's error is harmless only if it is inconsequential to the ALJ's ultimate nondisability determination or if, despite any

legal error, "the agency's path may reasonably be discerned."). Failure to consider Petitioner's migraines at step three was not inconsequential to the ultimate nondisability determination and, consequently, not harmless. *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 885 (9th Cir. 2006); *Lewis*, 236 F.3d at 512 (citing 20 C.F.R. § 404.1520(d)). Because the Secretary is in a better position to evaluate the evidence and properly consider step three equivalence, remand on this issue is warranted to allow the ALJ to make the necessary findings and listings determination in the first instance. *Marcia v. Sullivan*, 900 F.2d 172, 176 (9th Cir. 1990).

## 2.    Additional Assignments of Error

Petitioner also challenges the ALJ's: 1) consideration of the medical opinions and Department of Veterans Affairs records; 2) evaluation of Petitioner's symptom statements; and 3) Residual Functional Capacity assessment. (Dkt. 15.) The three step evaluation determining whether Petitioner's migraines medically equal a listing is dependent on the ALJ's proper evaluation of the relevant medical evidence, opinion testimony, and Petitioner's subjective symptom statements. On remand, the ALJ must therefore reconsider the medical opinion evidence, Petitioner's symptom claims, and the other evidence in the record. Further, the ALJ's reconsideration of the step three findings may be dispositive with regard to whether Petitioner functionally meets the listings. *Lewis*, 236 F.3d at 512 (citing 20 C.F.R. § 404.1520(d)). The Court therefore will not address Petitioner's remaining challenges to the ALJ's decision here. *See Marcia*, 900 F.2d at 176-177 ("Because we remand for reconsideration of step three, we do not reach the other arguments raised.").

MEMORANDUM DECISION AND ORDER - 14

3.      **Remand**

The decision whether to remand for further proceedings or to order an immediate award of benefits is within the district court's discretion. *Harman v. Apfel*, 211 F.3d 1172, 1175-78 (9th Cir. 2000). Where no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. *Id*. at 1179 ("[T]he decision of whether to remand for further proceedings turns upon the likely utility of such proceedings.").

But, where there are outstanding issues that must be resolved before a disability determination can be made, and it is not clear from the record that the ALJ would be required to find a claimant disabled if all the evidence were properly evaluated, remand is appropriate. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004); *Harman*, 211 F.3d at 1179-80. Likewise, where the circumstances of the case suggest that further administrative review could remedy the ALJ's errors, remand is appropriate. *Revels*, 874 F.3d at 668; *McLeod v. Astrue*, 640 F.3d 881, 888 (9th Cir. 2011); *Harman*, 211 F.3d at 1179-81. Remand is also appropriate when the Secretary is in a better position than the Court to evaluate the evidence. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989).

Here, the Court finds that remand for further administrative proceedings is appropriate. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103-04 (9th Cir. 2014) (remand for benefits is not appropriate when further administrative proceedings would serve a useful purpose). There are outstanding issues that must be resolved before a determination of disability can be made. The ALJ did not sufficiently

discuss and evaluate the evidence before he concluded that Petitioner did not equal a listed impairment at step three. Remand for further administrative proceedings is therefore warranted to allow the ALJ to consider the evidence in the record and conduct an appropriate step three analysis in the first instance.

On remand, if the ALJ determines that Petitioner's impairments, or combination of impairments, meet or medically equal a listing, Petitioner is presumed disabled and benefits should be awarded. If the ALJ concludes the medical evidence is insufficient to raise a presumption of disability at step three, the ALJ should proceed to steps four and five of the sequential evaluation.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that:

1)       The Petition for Review (Dkt. 1) is **GRANTED**.

2)       This action is **REMANDED** to the Commissioner for further proceedings consistent with this opinion.

3)       This Remand shall be considered a "sentence four remand," consistent with 42 U.S.C. § 405(g) and *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002).

DATED: March 3, 2021.

Honorable Candy W. Dale
United States Magistrate Judge